# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7074 | **DATE** | 11/10/2010 |
| **CASE TITLE** | Central States Southeast & Southwest Areas Pension Fund, et al vs. Temp Excel Properties | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to limit discovery [53] is denied. Plaintiff is required to answer the discovery requests on or before 11/19/10.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

In this action plaintiff, a pension fund, seeks to recover unpaid pension contributions from a company it claims is the successor in liability to the original employer. Defendant contests that it is the successor to the employer and also has sought records and other information concerning the amount of the alleged withdrawal liability. Plaintiff has objected to this discovery, arguing that if the defendant is indeed the successor in liability to the employer in this case, it has waived any right to contest the asserted unpaid contributions by not seeking to arbitrate the alleged delinquencies within the time frame provided by the Multiemployer Pension Plan Amendments Act, 29 U.S.C. § 1401 (a)(1).

We do not find plaintiff's position persuasive. Plaintiff assumes that if the district court finds the defendant to be the successor to the employer's alleged delinquencies, it automatically follows that defendant was the "employer" within the meaning of the Act and required to have disputed the alleged delinquency within the statutory framework. Of course this would mean that any entity accused by a pension fund of successor liability, regardless of the merit of that claim, would be forced to dispute the amount of the alleged delinquency before it had even been found to be legally liable. The only case cited for this remarkably broad proposition, *Trustees of the Utah Carpenters' and Cement Mason's Pension Trust v. Daw,* Case No. 2:07-CV TC, 2009 WL 77856 (D. Utah Jan.7, 2009), is not binding on this court and does not hold that every successor in liability automatically is an employer within the meaning of the statute. Further, in *Central States, Southeast & Southwest Areas Pension Fund v. Slotsky,* 956 F.2d 1369 (7th Cir. 1992), the Seventh Circuit made it clear that the plaintiff's accusation of successive liability, even if directly communicated to the entity during the time period in which it could seek review of the claim for liability, does not end the inquiry into liability. Ultimately, these issues are those to be resolved by the district court after discovery closes. To cut off discovery on the plaintiff's withdrawal liability calculations before the district court makes

| STATEMENT |
|---|
| a decision on these issues would be unfair. The discovery defendant seeks is not particularly burdensome. Plaintiff certainly has documentation to support its claim for contributions and its notice to the employer that such sums were due and owing which it can produce easily to defendant. Accordingly, plaintiff's motion to limit discovery is denied. Plaintiff will be required to answer Request for Production Nos. 4, 12 and 18 and Interrogatory Nos. 4 and 12 which request this information. The court sustains plaintiff's objections to Interrogatory Nos. 19, 20 and 21 which seeks information concerning other unrelated instances in which the plaintiff has asserted successor liability or has reduced the amount of a company's alleged withdrawal liability. Such inquiries are not relevant to the dispute at bar, nor are they calculated to lead to admissible evidence.<br><br>      Plaintiff's motion to limit discovery is, therefore, denied [dkt 53]. Plaintiff is required to answer the discovery requests on or before November 19, 2010. |